Samuels, J.
The “ act reforming the method of proceeding in writs of right," 1 Rev. Code 463, directs that the count, plea and replication, respectively, shall be in the form prescribed by that act, or in a form of the same effect. This court in Beverly v. Fogg, 1 Call 421, (Tate’s edition,) decided that it was error not cured by verdict, to omit from the count the boundaries of the land demanded, which the statute required to be inserted. In Taylor v. Huston, 2 Hen. & Munf. 161, it was decided that the omission to file a plea in the form, or to the effect of that prescribed by the act of *251 assembly, was likewise error, not cured by verdict; and that the mere entry “usual plea and time to reply,” and the entry of the word “joinder” at a subsequent day, would not sustain a judgment for the tenant. Apart from the rules of practice specifically provided for the writ of right, the general rules applying to all actions will not sustain a judgment given upon a verdict rendered as upon the trial of an issue, when no issue had been joined. McMillion v. Dobbins, 9 Leigh 422; Sydnor v. Burke et ux. 4 Rand. 161.
In the case before us no plea whatever was entered, nor any mention made of a plea; yet the jury was impanneled as for the trial of the mise joined upon the mere right, and rendered a verdict for the tenant, on which a judgment was given accordingly. Adhering to the cases cited, I am of opinion to reverse the judgment; to set aside all proceedings had subsequently to filing the count; and to remand the cause to be proceeded in from that point.
The other judges concurred in the opinion of Samuels, J.
Judgment reversed.